FILED

2023 JUN -1 PM 1:4

CLERK. US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

LORRAINE DUBLIN, GLORIA DUBLIN, CYNTHIA DUBLIN CLAYTON, AND ERIC DUBLIN SR.,

Case No.: Number

Plaintiffs in *pro per*,

vs.

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

THE CITY OF ORLANDO, MAYOR BUDDY DYER, COMMISSIONER REGINA HILL, CITY OF ORLANDO CODE ENFORCEMENT DIVISION, CODE ENFORCEMNT OFFICER ALPHONSO LIVINGSTON, CODE ENFORCEMENT OFFICER KENNETH BYNES, CODE ENFORCEMENT SUPERVISIOR GEORGE WHARTON, CODE ENFORCEMENT SUPERVISOR HENRY CRESPO, CODE ENFORCEMENT MANAGER MICHELLE BACHMAN, CODE ENFORCEMENT DIVISON MANAGER KORY KEITH, THE ORLANDO POLICE DEPARTMENT, POLICE CHIEF ERIC D. SMITH, ORLANDO POLICE DEPARTMENT SUPERVISOR ERNIE PLAZA AND ORANGE COUNTY ANIMAL CONTROL

Defendants

Plaintiffs, Lorraine Dublin, Gloria Dublin, Cynthia Dublin Clayton, and Eric Dublin Sr., hereby bring this Complaint for violation of their constitutional rights against Defendants, the Orlando Code Enforcement Division, Orlando Police Department and Orange County Animal Control.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs present this claim to The City of Orlando, The City of Orlando Code Enforcement Division, The City of Orlando Police Department, and The Orange County Animal Control, in good faith and for the purpose of asserting their rights and freedoms as natural men and women, as guaranteed by the First Amendment to the Constitution of the United States of America.

The United States Constitution, in its preamble, declares that its purpose is to "establish Justice, ensure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity."

We the People of the United States, in Order to form a more perfect Union, establish Justice, ensure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America.

Plaintiffs challenge the personal and subject matter jurisdiction of the City of Orlando and its agent and reserve all rights to revoke any signatures or other actions taken under duress or coercion, as set forth in their lawful affidavit of admission of status, lawful affidavit of subject matter jurisdiction, and revocation of signatures.

The Defendants, acting under color of law and within their official capacities as Code Enforcement Officers and Supervisors for Orange County, Florida, have blatantly violated the very basis of the Constitution, by engaging in a pattern and practice of unconstitutional conduct in the course of enforcing various code enforcement regulations.

Specifically, the Defendants have engaged in the following conduct, which violates the Plaintiff's constitutional rights:

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 2

a. Engaging in warrantless searches and seizures of Plaintiff's property, in violation of the Fourth Amendment to the United States Constitution;

b. Interfering with the Plaintiff's right to free speech and freedom of association, in violation of the First Amendment to the United States Constitution;

c. Engaging in retaliation against the Plaintiff for exercising his/her constitutional rights, in violation of the First Amendment to the United States Constitution;

d. Using excessive force and engaging in police brutality in the course of enforcing code enforcement regulations, in violation of the Eighth Amendment to the United States Constitution;

e. Engaging in selective enforcement of code enforcement regulations, based on the Plaintiff's race, gender, or other protected characteristics, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## A.  PARTIES

1. Plaintiffs are natural men and women of the State of Florida.

2. Defendant The City of Orlando

3. Defendant Mayor Buddy Dyer serves as head of the city.

4. Defendant Commissioner Regina Hill serves as a senior official of the city of Orlando.

5. Defendant, The City of Orlando Code Enforcement Division, is a department or agency of the City of Orlando, Florida, and is responsible for enforcing the city's code enforcement laws and regulations.

6. Defendant Kory Keiths is the Division Manager of Code Enforcement employed by the City of Orlando.

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 3

7. Defendant George Wharton is a Code Enforcement Supervisor employed by the City of Orlando.

8. Defendant Alphonso Livingston is a Code Enforcement Officer employed by the City of Orlando.

9. Defendant Michelle Bachman is a Code Enforcement Manager employed by the City of Orlando.

10. Defendant Glenn Bynes is a Code Enforcement Officer employed by the City of Orlando.

11. Defendant Henry Crespo is a Code Enforcement Supervisor employed by the City of Orlando.

12. Defendant The city of Orlando Police Department who is a nationally recognized law enforcement agency that is focused on the safety of the residents, visitors, and businesses of the city of Orlando and a mission to protect the citizens of Orlando.

13. Defendant Police Chief Eric D. Smith believes law enforcement is responsible for building trusting relationships with the community.

14. Defendant Ernie Plaza is a Orlando Police Department Supervisor employed by The City of Orlando.

15. Defendant Orange County Animal Control is a government entity responsible for animal control within Orange County, Florida.

## B. JURISDICTION AND VENUE

16. This is an action for violation of Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983.

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 4

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

18. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Orlando, Florida, which is located within the Middle District of Florida.

19. This claim will be brought under Title 42, Section 1983 of the United States Code, which provides a federal cause of action for the deprivation of rights secured by the Constitution and laws of the United States. The named defendants are individuals acting under the color of law in the State of Florida and therefore within the jurisdiction of this Court.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred within this district and the named defendants are residents of this district or conduct business within this district.

21. Furthermore, this claim arises out of the alleged violation of federal constitutional rights, and therefore falls within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.

22. The Fourth Amendment of the United States Constitution, which applies to all states through the due process provision of the Fourteenth Amendment, provides individuals with the right to privacy and protection against unreasonable government intrusion. Similarly, Article I, Section 12 of the Florida State Constitution also provides protection from unreasonable searches and seizures.

23. In the absence of consent or a valid administrative search warrant, administrative searches or inspections conducted outside of the judicial process are generally considered unreasonable unless they fall under one of the established exceptions to this rule. These

exceptions include situations where the business searched has a legitimate public interest in strict regulation, and the inspection is conducted under the authority of a statute meeting certain specificity requirements.

24. The United States Supreme Court has also established that administrative inspections of commercial structures and private residences without a warrant are prohibited by the Fourth Amendment, unless conducted under a specific exception.

25. Regarding municipal code enforcement boards and code inspectors, no statutory authorization for warrantless searches exists in Florida law. Therefore, it is generally considered unconstitutional to conduct administrative searches or inspections without the consent of the owner, operator, or occupier of the concerned premises or without a validly granted search or administrative inspection warrant.

26. The Fifth District Court of Appeals in Jones v. City of Longwood, Florida, 404 So. 2d 1083 (1981) discussed an ordinance that required the Building Inspector and Fire Chief of Longwood, Florida, to conduct periodic inspections of all buildings and structures within the city. If they found any building or structure to be in a dilapidated, unsanitary, or unsafe condition, they were required to report this fact in writing to the City Council, detailing the condition of the building or structure in question. The ordinance further stated that if the City Council determined after a full hearing that a building should be condemned, the property owner must be notified in writing and given a reasonable amount of time to correct the condition to conform to applicable city codes. If the property owner failed to correct the condition, the city council was required to demolish or remove the building.

27. In the preceding case, the Fifth District Court of Appeal affirmed that local government entities are bound by the historic US Supreme Court judgment on inspection warrants: Camara v. Municipal Court, supra.

28. According to The Code Board of the City of Orlando, Rules of Procedure, Section VI E, all hearing notices must be given to the proper party in line with Chapter 162 of the Florida Statutes and Article I, Chapter 5 of the Orlando Municipal Code.

29. However, prior to being forced out of their home and having our non commercial property condemned, the individuals in question were never given notice or an opportunity to attend a hearing to address the code enforcement concerns regarding the property. This violates due process rights under the Fourteenth Amendment, as established in Fuentes v. Shevin, 407 U.S. 67 (1972).

30. Furthermore, the condemnation process outlined in Section XV Subsection A of the Orlando Rules of Procedure for the Code Enforcement Board was not followed in this case. The individuals were not given the opportunity to contest the decision to condemn the building before it was demolished.

31. The Code Enforcement Department's actions also violated Article One, Section 23 of the Florida Constitution, which provides every natural man and woman with the right to be left alone and free from government intrusion into our private life.

32. Under Orlando Charter powering of duty Ch. 13 sec. 64.1, the city can only regulate city-owned leased property land use rules on city-owned land or structures. In addition, section 166.021 of the Florida statutes restricts a city's municipal authority.

33. The defendants' actions may constitute violations of criminal statutes, including Title 18, US Code, Sections 241 and 242, which define abuse of process and coercion. The use of

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 7

physical restraints to prevent us from reentering and using our property as a habitation may also constitute coercion under Title 22, US Code, Section 7102, subsection (3).

34. The Florida Statutes governing inspection warrants are clear and precise when it comes to obtaining judicial approval before executing an inspection warrant. Additionally, the Fourth Amendment to the Constitution of the United States also governs this matter.

35. Under Section 933.01 of the Florida Statutes, an inspection warrant must be issued by a person authorized to issue warrants, just like a court-issued search warrant. However, the Orlando Police Department and Code Enforcement staff are not authorized to issue search warrants. Therefore, no search was presented on the scene or when requested after the incident.

36. By failing to follow the administrative due process set forth in Florida Statutes Sections 162.01 through 162.03, your Code Enforcement Department violated the law. The Florida Statutes require due process and notice and opportunity as a prerequisite for Code Enforcement and the Orlando Police Department's activities. Specifically, Section 162.12 of the Florida Statutes requires notice, which we did not receive.

37. Moreover, the defendants committed acts that constitute trespass on Lorraine, Gloria, Cynthia and Eric Dublin's personal liberty, property, and non-commercial land, as well as on the land and non-commercial land of all the claimants mentioned in this matter. Furthermore, the defendants acted intentionally and recklessly, causing emotional distress to Eric and Cynthia, which is a violation of our rights.

38. The incident described above violates the idea established by the Supreme Court of the United States in the case of Lucas v. South Carolina Coastal Council, 505 U.S. 1003

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 8

(1992), by depriving the land and dwelling at the aforementioned address of any economically feasible uses.

39. 18 U.S. Code § 2331 domestic terrorism 18 U.S. Code § 872 - Extortion by officers or employees of the United States 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights 22 U.S. Code § 7102 - Definitions : In this chapter: (1)Abuse or threatened abuse of law or legal process The term "abuse or threatened abuse of the legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action. (3) Coercion The term "coercion" means— (A)threats of serious harm to or physical restraint against any person; (B)any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (C)the abuse or threatened abuse of the legal process. 18 U.S.C. § 1001 - U.S. Code - Unannotated Title 18. Crimes and Criminal Procedure § 1001. Statements or entries generally 18 U.S Code § 21 - Stolen or counterfeit nature of property for certain crimes defined 42 U.S. Code § 1983 - Civil action for deprivation of rights Federal Rules of Civil Procedure Rule 71.1. Condemning Real or Personal Property 18 US CODE 962 RICO ACT 18 U.S. Code § 1951 - Interference with commerce by threats or violence 42 U.S. Code § 1986 - Action for neglect to prevent 18 U.S. Code § 2073 - False entries and reports of moneys or securities. Shall be fined under this title or imprisoned not more than ten years, or both. Article I, Florida Constitution Section 2 Text of Section 2: Basic rights All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the

right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property. No person shall be deprived of any right because of race, religion, national origin, or physical disability.[1] Section 9 Text of Section 9: Due Process No person shall be deprived of life, liberty, or property without due process of law, or be twice put in jeopardy for the same offense or be compelled in any criminal matter to be a witness against oneself.[1] Section 12 Text of Section 12: Searches and Seizures The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing, or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution. [1] Section 23 Text of Section 23: Right of Privacy Every natural person has the right to be left alone and free from governmental intrusion into the person's private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.[1] 1. 18 U.S. Code § 2236 - Searches without warrant-- They committed when they came to the property and forced their way in without a warrant. 2. 18 U.S. Code § 2331 - Definitions (5) the term

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 10

"domestic terrorism" when they came with 10 OPD ofc to intimidate us and threatened to put us in jail and manhandled us in order to commit robbery. 3. 18 U.S. Code § 1951 - Interference with commerce by threats or violence. Every time they came to the property, we were threatened with going to jail. We did not have the liberty to speak. 4. The 4th amendment. free from illegal search and seizure. They violated this amendment when they came to the property and forced their way onto our land, and they had no right to be there. 5. The 5th amendment. due process. They violated when they placed a condemned sticker and made us leave the house before going to the board. 6. 18 U.S. Code § 242 - Deprivation of rights under color of law-code enforcement and OPD violated our 4th and 5th amendment rights there was 4 code enforcement officers and ten OPD officers that saw what was going on but none of them did anything to stop it. 7 18 U.S. Code 241 conspiracy against rights--there was 4 code enforcement and 10 OPD officers who act and conspired with code enforcement to enforce the fraudulent long-standing systemic process of taking property in our community by first placing fraudulent liens on private property. 1. 18 U.S. Code 872 extortion by officers--they forced us out of our house by threat of arrest to place fraudulent fines on the property. 2. 18 U.S. Code 21 stolen or counterfeit nature of property for certain crimes defined--- they placed fraudulent liens without judicial decree, fictious citations on the property to steal the property from us because we will not be able to pay the fines and they took the van that was full of personal items and was legally registered, had the proper tags and insurance. 3. 18 U.S. Code § 1957 - Engaging in monetary transactions in property derived from specified unlawful activity--attempting to place fraudulent fines on the house to eventually take it from us when we could not pay. 4. 18 U.S. Code § 1341 - Frauds and swindles--trying to

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 11

get us to give up our rights to our property, without due process or jurisdiction and by violating our 4th amendment rights. 5. 28 U.S. Code § 3201 - Judgment liens 6. 25 CFR § 11.411 - Criminal trespass.

40. The Supreme Court of the United States has clearly established that a public officer must obtain a search warrant prior to accessing private property, including for code enforcement inspections. In Michigan v. Tyler, 536 U.S. 499, 504-508 (1978), the Supreme Court held that a warrantless administrative search of commercial property violates the Fourth Amendment. The Defendants' actions in conducting administrative inspections and searches of the Plaintiffs' property without a validly issued administrative inspection or search warrant were therefore unconstitutional and in violation of clearly established law.

41. 18 U.S. Code § 2331 domestic terrorism

42. 18 U.S. Code § 872 - Extortion by officers or employees of the United States

43. 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights

44. 22 U.S. Code § 7102 - Definitions:

45. In this chapter:

46. (1) Abuse or threatened abuse of law or legal process

47. The term "abuse or threatened abuse of the legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

48. (3) Coercion

The term "coercion" means—

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 12

(A)threats of serious harm to or physical restraint against any person;

(B)any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

(C)the abuse or threatened abuse of the legal process.

49. 18 U.S.C. § 1001 - U.S. Code - Unannotated Title 18. Crimes and Criminal Procedure § 1001. Statements or entries generally

50. 18 U.S. Code § 21 - Stolen or counterfeit nature of property for certain crimes defined

51. 42 U.S. Code § 1983 - Civil action for deprivation of rights

52. Federal Rules of Civil Procedure Rule 71.1. Condemning Real or Personal Property

53. 18 US CODE 962 RICO ACT

54. 18 U.S. Code § 1951 - Interference with commerce by threats or violence

55. 42 U.S. Code § 1986 - Action for neglect to prevent

56. 18 U.S. Code § 2073 - False entries and reports of moneys or securities. Shall be fined under this title or imprisoned not more than ten years, or both.

57. Article I, Florida Constitution Section 2

58. Text of Section 2:

Basic rights

All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property. No person shall be deprived of any right because of race, religion, national origin, or physical disability.[1]

59. Section 9

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 13

Text of Section 9:

Due Process

60. No person shall be deprived of life, liberty, or property without due process of law, or be twice put in jeopardy for the same offense or be compelled in any criminal matter to be a witness against oneself.[1]

61. Section 12

Text of Section 12:

Searches and Seizures

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution. [1]

62. Section 23

Text of Section 23:

Right of Privacy

Every natural person has the right to be left alone and free from governmental intrusion into the person's private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.[1]

63. 18 U.S. Code § 2331 - Definitions (5) the term "domestic terrorism."

64. 18 U.S. Code § 1951 - Interference with commerce by threats or violence.

65. The 4th amendment. free from illegal search and seizure.

66. The 5th amendment. due process.

67. 18 U.S. Code § 242 - Deprivation of rights under color of law.

68. 18 U.S. Code 241 conspiracy against rights.

69. 18 U.S. Code 872 extortion by officers

70. 18 U.S. Code 21 stolen or counterfeit nature of property for certain crimes

71. 18 U.S. Code § 1957 - Engaging in monetary transactions in property derived from specified unlawful activity.

72. 18 U.S. Code § 1341 - Frauds and swindles

73. 28 U.S. Code § 3201

74. 25 CFR § 11.411 - Criminal trespass

75. The Supreme Court of the United States has ruled that a public officer must obtain a search warrant prior to accessing private property, noting the requirement to do so prior to a code enforcement inspection. See Michigan v. Tyler, 536 U.S. 499, 504-508 (1978).

## C. GENERAL ALLEGATIONS

76. The averments of paragraphs 20 through 81 are fully re-alleged as if fully set forth herein.

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 15

77. Plaintiff brings this claim against the defendants for violations of various Florida statutes related to inspection warrants, property rights, official misconduct, theft, fraud, registration requirements, and abuse of power. The defendants' actions have caused harm to the plaintiff and have violated their lawful rights.

78. Violation of F.S. 933.21 Requirements for Issuance of Inspection Warrant: Defendants failed to meet the conditions required for the issuance of an inspection warrant.

79. Violation of F.S. 933.20-933.30 Inspection Warrant: Defendants failed to obtain and execute an inspection warrant according to the legal framework established by this statute.

80. Violation of F.S. 838.022 Official Misconduct: Defendants, in their capacity as public officials, engaged in corrupt activities and used their positions for personal gain.

81. Violation of F.S. 810.08 Trespassing: Defendants unlawfully entered plaintiff's property without authorization.

82. Violation of F.S. 812 Robbery and Theft: Defendants committed theft and used force or intimidation to take the plaintiff's noncommercial property.

83. Violation of F.S. 70.001 Private Property Rights Protection (the "Bert J. Harris, Jr., Private Property Protection Act"): Defendants' actions diminished the value of plaintiff's property, in violation of this statute.

84. Violation of F.S. Chapter 55 Section 10 Judgments, Orders, and Decrees; Lien of All, generally; Extension of Liens; Transfer of Liens to Other Security: Defendants failed to comply with the rules governing the enforcement of court orders and judgments.

85. Violation of F.S. 70.002 Property Owner Bill of Rights: Defendants failed to respect plaintiff's rights as a property owner in their dealings with plaintiff.

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 16

86. Violation of F.S. 817.034 Florida Communications Fraud Act: Defendants engaged in fraudulent practices in connection with electronic communications, in violation of this statute.

87. Violation of F.S. 320.02 Registration Required; Application for Registration; Forms: Defendants failed to comply with the requirements for registering motor vehicles in the state.

88. Abuse of Power in Violation of F.S. 166.021 Powering of Duties: Defendants abused their power and exceeded their authority in their dealings with plaintiff, in violation of this statute.

89. Section 12 of Article I of the State Constitution and the Fourth Amendment of the United States Constitution provide protection against unreasonable searches for both commercial and residential properties. See v. City of Seattle, supra, in which the U.S. Supreme Court held that administrative inspections of commercial structures and private residences are prohibited by the Fourth Amendment when conducted without a warrant; and Jones v. City of Longwood, Florida, 404 So.2d 1083 (5 D.A. Fla., 1981), in which the court, in a wrongful death action, held that an ordinance requiring the building inspector and fire chief to periodically inspect all buildings and structures was unconstitutional.

90. As a result of defendants' actions, plaintiff has suffered damages, including but not limited to the loss of property, loss of income, emotional distress, and other harm. Plaintiff seeks compensatory and punitive damages, as well as any other relief that the court deems just and proper.

## D. **STATEMENT OF FACTS**

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 17

91. On February 3, 2020, code enforcement officer Livingston visited the non-commercial property at 410 Sunset Dr. in response to a complaint about the lack of water and electricity. Officer Livingston called 2 city of Orlando Police Department officers to assist him.

92. Eric cited Orlando municipal code Ch.13 section 64.1 and F.S. 166.021 to assert that they had no jurisdiction over private non-commercial property and demanded a warrant and documentation of the person's legitimacy as a member of the court, which Livingston never provided.

93. The Orlando Police Officer threatened Eric with arrest and Livingston put a condemned sticker on the door, giving Eric and Cynthia 72 hours to leave the property.

94. Livingston returned on February 11, 2020, with 10 City of Orlando Police  Officers, Animal Control, and 2 supervisors George Wharton and Henry Crespo who was at all times supervisors for the city of Orlando Code enforcement, Code Enforcement Officer Kenneth Bynes Jr. who at all times was a code enforcement officer and Code enforcement manager Kory Keith who at all times was a manager for the city of Orlando Code Enforcement claiming to have received permission from one of the owners Kenneth Bynes Sr. Father to Code enforcement officer Kenneth Bynes Jr. to enter the home. Eric, Cynthia, Lorraine and Gloria disputed this and demanded a warrant and documentation, which they never provided.

95. The officers threatened to arrest Eric and Cynthia violating their constitutional rights, resulting in them being left without a home during the pandemic, with their dogs seized and a lawfully parked van towed away.

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 18

96. On April 9, 2020, the board devalued the property and showed no interest in hearing their defense, only discussing fines to be levied against them.

97. On March 9, 2020, they requested proof of code enforcement's legitimacy from Kory Keith, who never provided any.

98. A fraudulent lien for over $36,000 was placed on their home without a judge's approval, and several healthy canines were taken away by animal control to be put to death.

99. The police officers, code enforcement officers, and other City of Orlando agents and employees acted in bad faith and with deliberate disregard for their rights, safety, and property, shocking the conscience.

100.    The actions of the Defendants, as described above, constitute a violation of Plaintiffs' Fifth Amendment rights to due process of law.

101.    The Defendants, acting under the color of state law, deprived Plaintiffs of their right to be free from unreasonable searches and seizures, without due process of law.

102.    The Defendants acted with deliberate indifference to the rights of the Plaintiffs and acted recklessly and with callous disregard for their rights.

103.    The Plaintiffs suffered damages as a direct and proximate result of the Defendants' unconstitutional actions, including, but not limited to, emotional distress, loss of use of their property, and legal fees incurred in defending themselves against the unlawful actions of the Defendants.

104.    The Attorney General of Florida, Bob Butterworth, issued an advisory legal opinion on April 4, 2002, stating that local government code inspectors are not permitted to enter any private, commercial, or residential property to ensure compliance with or enforce various technical codes or conduct administrative inspections or searches,

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 19

without the consent of the owner, operator, or occupant of the property, or without a validly issued administrative inspection or search warrant.

105.     On April 2, 1984, Florida Attorney General Jim Smith released a second Attorney General Opinion in which he stated the following:

106.     The Fourth Amendment of the United States Constitution made applicable to the states by the due process provision of the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643, rehearing refused, 367 U.S. 871 (1961), provides all individuals the right to privacy without unreasonable governmental intrusion. In addition, Article I, Section 12 of the State Constitution gives protection from unreasonable searches and seizures:

107.     The Attorney General went on to say the following:

108.     Administrative searches or inspections, such as those under consideration in the present inquiry, that are conducted outside of the judicial process without consent and without prior approval (as evidenced by an administrative search warrant) are unreasonable, unless it can be demonstrated that the administrative search or inspection falls within one of the well-established exceptions to this rule. See, e.g., See v. City of Seattle, 387 U.S. 541 (1967); United States v. Sokolow, 450 F.2d 324 (5th Cir. 1971); Benton v. State, 329 So.2d 385 (1 D.C.A. Fla., 1976); Parsons v. State, 334 So.2d 308 (1 D.C.A. Fla., 1976); and AGO 82-7.  Cf. Colonnade Catering Corp. v. United States, 397 U.S. 72 (1970), and Michigan v. Tyler, 436 U.S. 499 (1978).

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 20

109.     Despite this advisory legal opinion, the Defendants, acting under color of state law, violated the Plaintiffs' rights under the Fifth Amendment by conducting warrantless searches and inspections of the Plaintiffs' properties.

110.     The Defendants acted with deliberate indifference to the Plaintiffs' rights and knowingly violated the law as set forth by the Attorney General's advisory legal opinion. The actions of the Defendants, as described above, constitute intentional infliction of emotional distress on the Plaintiffs.

111.     The Defendants' actions were willful and purposeful, demonstrating a reckless disdain for the Plaintiffs' health, safety, property interests, emotional health, and rights.

112.     The Defendants' conduct was extreme and outrageous, exceeding all bounds of decency and utterly intolerable in a civilized society.

113.     The Defendants acted with knowledge or recklessness as to the likelihood that their conduct would cause severe emotional distress to the Plaintiffs.

114.     As a direct and proximate result of the Defendants' intentional and outrageous conduct, the Plaintiffs suffered severe emotional distress, including but not limited to, fear, anxiety, humiliation, embarrassment, and mental anguish.

### E.  **PRAYER FOR RELIEF**

REASONS WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

a.  Payment in the amount of $50,000,000.00 to compensate for the damage suffered by Eric Dublin, Cynthia Dublin Clayton, Lorraine and Gloria.

b.  Withdrawal of any condemnation on the property at the above-mentioned address;

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 21

c.  A declaration that Defendant violated Plaintiffs' constitutional rights under the Fourth Amendment of the United States Constitution;

d.  Punitive damages in an amount to be determined at trial;

e.  Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

f.  Any further relief that this Court deems just and proper.

g.  Plaintiffs also request that the code enforcement charter be dismantled, as it has been used as a tool for the defendants to carry out their unlawful actions and has violated the rights of property many owners in the community.

h.  Plaintiffs request that the court order the presentation of legal documentation to support the lien/debt claim or a judgment from a court of competent jurisdiction, as well as evidence that they owe the debt in question, and grant any other relief deemed just and proper.

JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Dated this 1st day of June 2023.

Respectfully Submitted,

By: _____
i: a woman known to use the name Gloria: Dublin
In the Interest of
GLORIA DUBLIN -TRUST
U.C.C.  1-103.6, 1-201 and 1-308

By: _____
i: a woman known to use the name Cynthia: Dublin Clayton
In the Interest of
CYNTHIA DUBLIN CLAYTON -TRUST
U.C.C.  1-103.6, 1-201 and 1-308

By: _____
i: a woman known to use the name Lorraine: Dublin
In the Interest of
LORRAINE DUBLIN-TRUST
U.C.C.  1-103.6, 1-201 and 1-308

By: _____
i: a man known to use the name Eric: Dublin Sr
In the Interest of
ERIC DUBLIN SR.-TRUST
U.C.C.  1-103.6, 1-201 and 1-308

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 23

LORRAINE DUBLIN
10010 WHITEHURST DR
DALLAS TX 75243

GLORIA DUBLIN
6403 GAMBLE DR
ORLANDO FL 32818
407-399-5847

CYNTHIA DUBLIN CLAYTON
6403 GAMBLE DR
ORLANDO FL 32818
407-493-4915

ERIC DUBLIN
410 SUNSET DR
ORLANDO FL 32805

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 24

1
2
3                        CERTIFICATE OF SERVICE
4
I certify that a true and correct copy of the foregoing has been filed with the United States
5
District Court for the Middle District of Florida on the __1st__ day of __June__ , 2023.
6
Accordingly, a copy of the foregoing  has been furnished by certified mail return receipt  to
7
Mayor Buddy Dyer, Commissioner Regina Hill, City of Orlando Code Enforcement Division,
8
Code Enforcement Officer Alphonso Livingston, Code Enforcement Officer Kenneth Bynes,
9
Code Enforcement Supervisor George Wharton, Code Enforcement Supervisor Henry Crespo,
10
Code Enforcement Manager Michelle Bachman, Code Enforcement Division Manager Kory
11
Keiths, The Orlando Police Department, Orlando Police Chief Eric D. Smith, Orlando Police
Department Supervisor Ernie Plaza, Orange County Animal Control
12
13
14          Mayor Buddy Dyer
            400 South Orange Avenue
15          Orlando Florida 32801
16
            Commissioner Regina Hill
17          400 South Orange Avenue
            Orlando Florida 32801
18
19
20          City of Orlando Code Enforcement Division
            53 West Central Boulevard
21          Orlando Florida 32801
22
23
            Code Enforcement Officer Alphonso Livingston
24          53 West Central Boulevard
            Orlando Florida 32801
25
26
27
28
COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 25

1
2
3
4
5

Code Enforcement Officer Kenneth Bynes
53 West Central Boulevard
Orlando Florida 32801

6
7
8
9

Code Enforcement Supervisor George Wharton
53 West Central Boulevard
Orlando Florida 32801

10
11
12

Code Enforcement Supervisor Henry Crespo
53 West Central Boulevard
Orlando Florida 32801

13
14
15
16

Code Enforcement Manager Michelle Bachman
53 West Central Boulevard
Orlando Florida 32801

17
18
19
20

Code Enforcement Division Manager Kory Keiths
53 West Central Boulevard
Orlando Florida 32801

21
22
23

The Orlando Police Department
1250 West South Street
Orlando Florida 32805

24
25
26
27

Orlando Police Chief Eric D, Smith
1250 West South Street
Orlando Florida 32805

28

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 26

1

2      Orlando Police Department Supervisor Ernie Plaza
       1250 West South Street
3      Orlando Florida 32805

4

5      Orange County Animal Control
       2769 Conroy Road
6      Orlando Florida 32839

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 27